# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
February 22, 2012 Session

## STATE OF TENNESSEE v. LAVON DOUGLAS ROBERTSON

**Appeal from the Circuit Court for Lawrence County**
**No. 27993      Jim T. Hamilton, Judge**

---

**No. M2011-00868-CCA-R3-CD - Filed January 7, 2013**

---

JAMES CURWOOD WITT, JR., J., concurring.

Respectfully, I would not engage in an analysis of standing relative to the dirt road leading from the public road to the defendant's building.

First, the defendant apparently held some form of tenancy in the land that allowed him to place a structure there and to occupy the same. As such, he impliedly, at least, held an easement of ingress and egress over the dirt road. *See, e.g.*, *Cellco Parthership v. Shelby County*, 172 S.W.3d 574, 591-92 (Tenn. Ct. App. 2005).

Second, even if we assume that the legal form of the defendant's occupancy was merely a license, we should not create, for the purposes of applying the knock-and-talk rule, an issue of analyzing ingress along the nuances of property law. This is especially true when, as here, *the contraband was located at the structure site and not along the road*. The doctrine of knock and talk is predicated upon the notion that

> [a] sidewalk, pathway or similar passageway leading from a public [way] to the front door of a dwelling represents an implied invitation to the general public to use the walkway for the purpose of pursuing legitimate social or business interests with those who reside withing the residence.

*State v. Harris*, 919 S.W.2d 619, 623 (Tenn. Crim. App. 1995). In analyzing knock-and-talk elements, we should restrict our concern with the right-of-way to whether the implied invitation has been revoked or countermanded by the use of signs and/or impediments. To

do otherwise would ensnare investigating law enforcement officers in a quagmire of property law determinations.

_____
JAMES CURWOOD WITT, JR., JUDGE